UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ESTHER CODY, Personal Representative of the Estate of Robinson Foster, Sr., | ) ) ) ) | |
| Plaintiff, | ) ) | 2:05-cv-02803 JWS |
| vs. | ) ) ) | ORDER AND OPINION |
| INFINIA AT SHOW LOW, INC., *et al.*, | ) ) ) ) | [Re: Motion at Docket 85] |
| Defendants. | ) ) | |

## I. MOTION PRESENTED

At docket 85, plaintiff Esther Cody requested an order requiring the Arizona Department of Economic Security, Adult Protective Services ("APS"), to produce unredacted copies of all documents regarding Robinson Foster, Sr., and "records from other APS inquiries and investigations into the care of other Infinia residents"[1] pursuant to Arizona Revised Statute § 41-1959.  Defendant Aaron Bornstein, M.D., opposed the motion at docket 89.  At docket 93, APS, which is not a party to this lawsuit, opposed

---

[1] Doc. 85 at 13.

plaintiff's motion. At docket 94, defendant Nancy Cook-Tidwell joined the oppositions at dockets 89 and 93. Plaintiff has replied,[2] and the motion is ripe for decision. Oral argument was not requested and it would not assist the court.

## II.  BACKGROUND

This matter arises from the death of Robinson Foster, Sr., following his residency at Infinia at Show Low, a skilled nursing facility located in Show Low, Arizona. On June 2, 2005, Esther Cody, personal representative of the Estate of Robinson Foster, Sr., filed a complaint, alleging that Mr. Foster died "as a direct and proximate result of the inadequate and improper care that he received at Infinia at Show Low."[3] Plaintiff's complaint alleges a claim under A.R.S. § 46-455(B), as well as claims of negligence and negligence *per se*. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

In January 2007, plaintiff obtained a subpoena pursuant to Federal Rule of Civil Procedure 45, commanding APS to produce all documents and information maintained by APS regarding Infinia at Show Low covering calendar years 2001 through 2007, and all unredacted records concerning Robinson Foster, Sr.[4] By letter dated February 5, 2007, APS objected to the subpoena, stating in pertinent part that "[p]ursuant to A.R.S. § 41-1959 and Departmental Regulation A.A.C. R6-8-210, the Department may release personally identifiable information pertaining only to Robinson Foster and no other

---

[2]*See* docs. 92, 95, and 96.

[3]Doc. 12 at 3.

[4]Doc. 85-2, exh. A.

person or entity involved in the APS investigation."[5]  APS further stated that plaintiff needed to execute an authorization for release of information concerning Mr. Foster. After plaintiff executed a release, APS produced redacted records pertaining to Mr. Foster.[6]

### III.  DISCUSSION

Plaintiff now requests an order requiring APS to produce "(1) all **un**redacted records regarding Robinson Foster including any inquiries or investigations into his care, injuries, and death at Infinia at Show Low ("Infinia") and (2) any records pertaining to other investigations of neglect or abuse of other residents at Infinia."[7]  Plaintiff's motion is accompanied by a certification pursuant to Federal Rule of Civil Procedure 37(a)(2) that plaintiff has in good faith attempted to confer with APS in the effort to secure the requested documents without court action.  Plaintiff's reliance on Rule 37 is misplaced because Rule 37 applies only to a party's failure to make discovery disclosures, not to a non-party's failure to respond to a subpoena issued pursuant to Rule 45.

APS opposes the motion on the grounds that it is not a party to these proceedings and "the records being sought, pursuant to A.R.S. § 41-1959, are confidential and may only be released by order of an Arizona superior court."[8] Pursuant to A.R.S. § 41-1959, "[u]nless otherwise provided by law, all personally

---

[5]Doc. 93, exh. 1 at 1.

[6]Doc. 85-2, exh. B.

[7]Doc. 85 at 2 (emphasis in original).

[8]Doc. 93 at 5.

identifiable information concerning...any person involved in an adult protective services, action, other than a perpetrator against whom an allegation of abuse, neglect or exploitation has been substantiated pursuant to section 46-458, is confidential and shall not be released unless ordered by a superior court judge."

Because state law provides a mechanism by which plaintiff may obtain the records sought and plaintiff has not identified, nor is the court aware of, any federal law which supersedes A.R.S. § 41-1959, this court will not grant plaintiff's motion to compel. Plaintiff is free, of course, to seek an order compelling production of the desired documents from an Arizona superior court pursuant to A.R.S. § 41-1959.

## IV.  CONCLUSION

For the reasons set out above, plaintiff's motion to compel at docket 85 is **DENIED WITHOUT PREJUDICE** in order that plaintiff may seek an order compelling production of the desired documents from an Arizona superior court pursuant to A.R.S. § 41-1959.

DATED at Anchorage, Alaska, this 24th day of July 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE